# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| METAL TECHNOLOGIES OF INDIANA LLC, )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>ADA SOLUTIONS, INC. )<br>    Defendant. )<br>_____ )<br> )<br>ADA SOLUTIONS, INC. )<br>    Counterclaimant, )<br> )<br>    v. )<br> )<br>METAL TECHNOLOGIES OF INDIANA LLC, )<br>    Counterclaim Defendant. )  | CAUSE NO.: 1:17-CV-466-TLS-PRC |

## OPINION AND ORDER

This matter is before the Court on a Supplemental Jurisdictional Statement of Defendant/Counter-Plaintiff ADA Solutions, Inc. [DE 15], filed on November 28, 2017.

Defendant filed the Statement pursuant to the Court's Order dated November 14, 2017, which ordered Defendant to file a supplemental jurisdictional statement identifying the membership and citizenship of each member of Plaintiff Metal Technologies of Indiana LLC and, if any of those members themselves had members, the citizenship of those members, and so on until the citizenship of all such members had been identified.

In the Statement, Defendant identifies that Plaintiff is an LLC. Plaintiff has informed Defendant that Plaintiff's members are Prudential Capital Partners V L.P., Prudential Capital Partners Management Fund V L.P. and "an Indiana LLC whose members are all trusts sited and resident in Indiana." (Suppl. Juris. Stmt. Ex. B., at 2).

A limited partnership, or L.P., has the citizenship of all of its partners, both general and limited. *Signicast, LLC v. Fireman's Fund Ins. Co.*, 920 F. Supp. 2d 967, 969 (E.D. Wis. 2013) (citing *America's Best Inns, Inc. . Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992)). Defendant has named the partners of the L.P.s based on the entities' website and SEC filings. Defendant has also included public records search results for these partners in an attempt to show their domiciles. Defendant indicates that Plaintiff should be able to verify the domiciles of these partners. The Court agrees with the implication in Defendant's Statement that the domiciles of these partners have not been ascertained. Further, the Court requires confirmation that this list of partners is exhaustive.

For the other member of Plaintiff, the "Indiana LLC" must be named to satisfy the Court's obligation to police its subject matter jurisdiction. Second, Plaintiff represented to Defendant that all of the constituent members of the Indiana LLC are trusts. Plaintiff further represented that the trusts are "sited and resident in Indiana." Trusts that sue or are sued in their own name take their citizenship from their members, that is, the trust beneficiaries or those with "the equivalent of equity interests in the association." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016) (citing *Americold Realty Trust v. ConAgra Foods, Inc.*, ___ U.S. ___, ___, 136 S.Ct. 1012, 1015-16 (2016) (distinguishing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980), which stands for the rule that when a trustee sues *in the trustee's name* that the citizenship of the trustee is used for the purpose of establishing diversity jurisdiction). Stating that the trusts are sited and resident in Indiana is an insufficient statement of the citizenship of the trusts. The trust beneficiaries and equity interest holders and their citizenship must be provided.

Defendant, as the party seeking to try this case in federal court, bears the burden of establishing the Court's jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). However, the Court is aware that Plaintiff, not Defendant, has more ready access to the necessary information for the jurisdictional inquiry. Therefore, the Court will allow Defendant to conduct limited jurisdictional discovery.

Based on the foregoing, the Court **ORDERS** Defendant to file, on or before **January 10, 2018**, a second supplemental jurisdictional statement identifying the citizenship of Plaintiff by naming and providing the citizenship of all members of Plaintiff. The statement shall include, in addition to any other matters necessary to ascertain Plaintiff's citizenship, (1) an exhaustive list of the partners of Prudential Capital Partners V L.P. and Prudential Capital Partners Management Fund V L.P., (2) the citizenship of those partners (by naming the domicile—not residency—of any natural persons), (3) the name of the "Indiana LLC," (4) an exhaustive list of all members of that LLC, and (5) the citizenship of all of those members. Membership or partnership may have to be traced through several layers of membership and/or partnership in order to be complete.

The Court **GRANTS LEAVE** for Defendant to serve discovery requests for the limited purpose of determining the citizenship of Plaintiff.

SO ORDERED this 29th day of November, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
