**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| METAL TECHNOLOGIES OF INDIANA LLC, )<br>　　　Plaintiff, )<br> )<br>　　　v. )<br> )<br>ADA SOLUTIONS, INC. )<br>　　　Defendant. )<br>_____)<br> )<br>ADA SOLUTIONS, INC. )<br>　　　Counterclaimant, )<br> )<br>　　　v. )<br> )<br>METAL TECHNOLOGIES OF INDIANA LLC, )<br>　　　Counterclaim Defendant. ) | CAUSE NO.: 1:17-CV-466-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 21] filed by Plaintiff Metal Technologies of Indiana LLC on December 29, 2017. Defendant ADA Solutions, Inc. filed a response on January 10, 2018, and Plaintiff filed a reply on January 17, 2018.

Plaintiff initiated this cause of action by filing a Complaint in the Dekalb County, Indiana, Superior Court on October 26, 2017. On November 7, 2017, Defendant removed the case to this Court based on diversity jurisdiction. See 28 U.S.C. §§ 1332(a), 1441. By statute,

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). For purposes of diversity jurisdiction, "[t]he district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

In the instant motion, Plaintiff asks the Court to remand this matter to the Dekalb County, Indiana, Superior Court on the basis that the Court lacks subject matter jurisdiction because Plaintiff and Defendant are both citizens of Massachusetts.

In a Supplemental Jurisdictional Statement filed by Defendant, it is alleged that Defendant is a corporation incorporated in the state of Massachusetts with its principal place of business in Massachusetts. Therefore, the allegation is that Defendant is a citizen of Massachusetts. Diversity of citizenship is lacking if Plaintiff is also a citizen of Massachusetts.

Plaintiff is a limited liability corporation, which takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). One of Plaintiff's members is Prudential Capital Partners Management Fund V, LP ("Prudential"), which is a limited partnership. A limited partnership, like a limited liability corporation, takes the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Plaintiff argues that Prudential's members include its partners and investors and that, because one of the investors in Prudential is a citizen of Massachusetts, Prudential—and therefore Plaintiff—is also a citizen of Massachusetts. Defendant disagrees and counters that the members of Prudential are its partners only and not also its investors.

The Supreme Court has "identified . . . the members of a partnership as its partners." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). This is not a new rule. "The *citizenship of a partnership is the citizenship of the partners*, even if they are limited partners,

2

so that if even one of the partners (general or limited) is a citizen of the same state as the plaintiff, the suit cannot be maintained as a diversity suit." *Cosgrove*, 150 F.3d at 731 (emphasis added) (citing *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir.1990)).

Plaintiff contends that case law indicates only that a partnership takes *at least* the citizenship of all of its partners. That is, Plaintiff believes that case law leaves open the possibility that a partnership takes on the citizenship of all of its partners plus the citizenship of other individuals. Plaintiff has presented the Court with no legal authority that affirmatively states that a partnership takes its citizenship from more than the citizenship of all of its partners. When the Supreme Court says that it has *identified* a partnerships's members as its partners, a logical reading does not permit non-partners to also be included as members. Plaintiff's argument is unpersuasive.

Plaintiff argues that holdings regarding who members of trusts are for purposes of diversity of citizenship should illuminate the Court's analysis. *See Americold Realty Trust*, 136 S. Ct. at 1016 (2016) (holding that a Maryland real estate investment trust's citizenship includes the citizenship of its shareholders); *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 693 (7th Cir. 2016) (finding that a pension fund set up as a trust takes the citizenship of the employees and beneficiaries). Because those cases pertain to trusts and not to partnerships, Defendant is correct that those cases are irrelevant to the determination here.

Plaintiff also asserts that the Supreme Court's statement in *Carden* that "[w]e have never held that an artificial entity . . . can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members" supports Plaintiff's position. 494 U.S. at 192. However, the *Carden* Court was ruling on the issue of whether only general and not limited partners

determine the citizenship of a partnership. The Court said nothing regarding looking at the citizenship of those connected to the partnership in a non-partner role.

Thus, the rule is that a partnership takes the citizenship of its partners. Prudential does not take on the citizenship of its investors. Plaintiff's request for a remand to state court on the basis that Plaintiff's member has a Massachusetts investor will be denied.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 21].

The Court **LIFTS** the stay on jurisdictional discovery and **SETS** the deadline for Defendant to file a second supplemental jurisdictional statement for **March 1, 2018**. The Court **ADVISES** the parties that the citizenship of each member and member of member and so on must be affirmatively stated. It is not sufficient to allege only that a member is not a citizen of Massachusetts. *See Cameron v. Hodges*, 127 U.S. 322, 324-25 (1888).

SO ORDERED this 26th day of January, 2018.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT